819 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Abraham GRAYTON, Plaintiff-Appellant,
v.
J.C. HANNAH; John A. Vilgos, Chief Power Plant Section
National Institutes of Health Department of Health
and Human Services, Defendants-Appellees.
 No. 86-1177.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 27, 1987.
Decided May 26, 1987.
 
 Before RUSSELL, MURNAGHAN and CHAPMAN, Circuit Judges.
 Douglas Richard Taylor, on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney; Elizabeth Hartley Trimble, Assistant United States Attorney; Timothy M. White, U.S. Department of Health & Human Services, on brief, for appellees.
 PER CURIAM:
 
 
 1
 Abraham Grayton appeals from the district court's dismissal of his slander and libel suit pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that the suit was barred by the applicable Maryland statute of limitations. We vacate the judgment and remand for further proceedings for the reasons set forth below.
 
 
 2
 Grayton timely filed his suit in state court on 21 June 1982; the defendants petitioned for removal to federal court on 21 September 1983. The defendants then filed a motion to dismiss this suit pursuant to Fed.R.Civ.P. 12(b)(6) and supported their motion with a memorandum stating in part that "[i]t is apparent from the face of the declaration that the [Maryland statute of] limitation applies and this case should be dismissed." Defendants filed another motion to dismiss pursuant to Fed.R.Civ.P. 41(b) on 24 October 1984 alleging in part that the "complaint against the defendants was filed in the [Maryland court] in August, 1983."
 
 
 3
 The attorney for the plaintiff opposed the defendants' motions to dismiss in general terms, but did not challenge the defendants' representation that the suit was not filed in state court until August 1983. The district court, stating that the action was "initially filed in [state court] on August 21, 1983," dismissed the suit on the ground that "plaintiff's complaint is barred by the [applicable] Maryland statute of limitations." The district court explicitly did "not reach the question of whether defendants herein acted within the scope of their official duties" and did not rule whether the plaintiff's claims were barred by the doctrine of official immunity. Grayton appealed.
 
 
 4
 Defendants concede that the district court, led astray by erroneous representations in their motions to dismiss, erred in finding the suit time barred. Defendants argue that this error should not be considered on appeal because the plaintiff's attorney failed to argue the point in the district court. We disagree.
 
 
 5
 While Grayton's attorney's "Opposition to Motion to Dismiss" could easily have been more specific and more foreceful, "[t]here are instances ... when issues not previously raised should be entertained on appeal. If the error is 'plain' and a refusal to treat it would result in the denial of fundamental justice, it should be decided." United States v. Barge Shamrock, 635 F.2d 1108, 1111 (4th Cir.1980), cert. denied, 454 U.S. 830 (1981). To the extent the issue was not adequately raised below, it is an instance where the issue is properly addressed on appeal.
 
 
 6
 The defendants further argue that this Court should affirm the district court's decision on the ground that the plaintiff's action is barred by the doctrine of official immunity. See Butz v. Economou, 438 U.S. 478 (1978). This suggestion, of course, begs the question of whether the defendants were acting within their official capacities when the alleged activities occurred--a determination the district court explicitly refused to make. We decline the invitation to decide this point on appeal.
 
 
 7
 Accordingly, this case is remanded for proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately developed in the briefs and record and oral argument would not significantly aid the decisional process.
 
 
 8
 VACATED AND REMANDED.